UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNY GENE CLAUNCH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>LUKE PETTIGREW, Warden, )<br>)<br>Respondent. ) | Case No. CIV-18-446-G |

### ORDER

Now before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) filed by Petitioner Donny Gene Claunch, a state prisoner appearing pro se.

The Court is required to review habeas petitions and to order dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. The Rule allows the district court to sua sponte dismiss a petition for writ of habeas corpus if its untimeliness is "clear from the face of the petition itself." *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008); *accord Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.")

In his May 2018 pleading, Petitioner challenges a 1981 conviction for first-degree rape in the District Court of Garvin County, Oklahoma. *See* Pet. at 2. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), however, a one-year

limitations period applies to federal habeas claims brought by state prisoners. *See* 28 U.S.C. § 2244(d)(1)(A)-(D); *see also Flores v. Wilson*, 450 F. App'x 749, 751 (10th Cir. 2011) (noting that the limitations period "generally runs from the date on which the state judgment becomes final"). "[W]here a conviction became final before the AEDPA took effect the one year limitation period . . . starts on AEDPA's effective date, April 24, 1996." *Flores*, 450 F. App'x at 751 (alteration, omission, and internal quotation marks omitted)).

In his pleading, Petitioner alleges that the statute of limitations prescribed by § 2244(d)(1) should not bar his claims because he seeks relief from the state court's November 2017 denial of his request for DNA testing and such testing was not available at the time of his conviction. *See* Pet. at 26. The Tenth Circuit has held, however, that Oklahoma's Postconviction DNA Act is "not a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." *In re Claunch*, No. 18-6084 (10th Cir. May 14, 2018) (order denying authorization to file a second or successive § 2254 application under 28 U.S.C. § 2244(b)(2)); *see* 28 U.S.C. § 2244(d)(1)(C). In addition, Petitioner's habeas claims "focus on the *denial* of DNA testing" and "indicate that at the current time he has no newly discovered facts to support his innocence" of first-degree rape. *In re Claunch*, at p. 2; *see* 28 U.S.C. § 2244(d)(1)(D). The Petition's untimeliness is therefore "clear from the face of the [Petition] itself." *Kilgore*, 519 F.3d at 1089.

Accordingly, the Court directed Petitioner to show cause in writing, no later than August 30, 2021, why this matter should not be dismissed as untimely filed. *See* Order to

Show Cause (Doc. No. 7) (citing *Day*, 547 U.S. at 210). The Order to Show Cause was mailed to Petitioner at his address of record.

As of this date, no response has been filed by Petitioner. Having reviewed the relevant record, the Court concludes that the Petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1)(A). Further, the Court finds no basis for statutory or equitable tolling of the AEDPA one-year deadline or for invocation of an exception to that deadline based upon a showing of actual innocence. *See* 28 U.S.C. § 2244(d)(2); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

## CONCLUSION

For the foregoing reasons, the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED as untimely. A separate judgment shall issue.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court finds that the requisite standard is not met in this case. A certificate of appealability is DENIED.

IT IS SO ORDERED this 15th day of September, 2021.

*Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge